# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | ID No. 2201004239 |
| CLARENCE CARLISLE, | ) | |
| Defendant. | ) | |

Submitted: February 27, 2023
Decided: March 2, 2023

## <u>ORDER</u>

*Upon Defendant's Motion for Reconsideration –* **DENIED.**

This 2nd day of March, 2023, having considered Defendant's Motion for a Reconsideration, the State's Response and the record in this matter; it appears to the Court that:

1. Defendant Clarence Carlisle (hereinafter "Defendant") was initially indicted in Case No. 2202012020 on April 1, 2022, and then re-indicted on August 15, 2022, to join Case Nos. 2202012020 and 2201004239. The charges in Case 2201004239 were originally pending in Family Court, but ultimately combined with Case 2202012020, which partially forms the basis for Count I of the Indictment,

Stalking, in violation of Title 11, Section 1323 of the Delaware Code.[1] Defendant is charged with nineteen (19) other misdemeanor offenses, comprising of one count each of Offensive Touching, Malicious Interference With Emergency Communications, Unlawful Imprisonment Second Degree, Resisting Arrest and fourteen (14) Counts of Criminal Contempt of a Domestic Violence Protective Order.[2]

2.     Defendant's motion to proceed *pro se* was granted early on the prosecution of these cases, and acting as his own counsel, Defendant filed numerous motions.[3] Relevant to the instant motion, Defendant filed a Motion to Dismiss on July, 2022.[4] The State responded on August 5, 2022.[5]

3.     On August 8, 2022, Defendant's motions were heard and denied by this Court. At that time, the Court noted that Defendant was scheduled for re-indictment on August 15, 2022.[6]

4.     Following the new indictment, Defendant filed the instant Motion for Reconsideration in Case No. 2201004239.[7] Despite this being filed under the new

---

[1]    *See* Indictment, *State v. Clarence Carlisle*, ID No. 2202012020 (D.I. 1, 29); *State v. Clarence Carlisle*, ID No. 2201004239 (D.I.1).
[2]    *Id.*
[3]    D.I. 11 (ID No. 2202012020).
[4]    D.I. 13 (ID No. 2202012020).
[5]    D.I. 21 (ID No. 2202012020).
[6]    D.I. 22-24 (ID No. 2202012020).
[7]    D.I. 9 (ID No. 2201004239). Following the filing of this and other motions, an office conference was held where Defendant was permitted to have standby counsel appointed (D.I. 37). The Court purposefully delayed ruling on the pending motions until standby

case number, Defendant's motion references exclusively the denial of the Motion to Suppress filed in Case No. 2202012020.[8]

5. While there is no specific Superior Court procedural rule governing motions for reargument, Superior Court Criminal Rule 57(d) calls for the application of the Civil Rules of Procedure when none is stated within the Criminal Rules. Therefore, Superior Court Civil Rule of Procedure 59(e) controls here.[9]

6. Pursuant to Rule 59(e), a motion for regarument "…shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor…The Court will determine from the motion and answer whether reargument will be granted."[10]

7. Because the initial Motion to Dismiss was denied on August 8, 2022, any such motion for reargument must have been filed no later than August 15, 2022.[11] Defendant filed the instant motion on July 11, 2023. He is untimely and the Superior Court has no authority to extend the time to file a motion for reconsideration.[12] As such, the Court has no jurisdiction to hear this motion.[13]

---

counsel had an opportunity to review same and at that time February 27, 2023, was the deadline set for the State's response for this and all of Defendant's other motions. D.I. 42 (ID No. 2202012020).

[8] *Id.*

[9] Super. Ct. Crim. R. 57(d); Super. Ct. Civ. R. 59(e).

[10] Super. Ct. Civ. R. 59(e).

[11] *See* Super. Ct. Crim. R. 57(d); Super. Ct. Civ. R. 6(a).

[12] *Colon v. State*, 926 A.2d 216 (TABLE), 2008 WL 5533892 (Del. Nov. 13, 2008).

[13] *Id.*; *see also State v. Williams*, 2021 WL 5028365 *2 (Del. Super. Oct. 29, 2021).

8. Accordingly, Defendant may not proceed with argument on the Motion for Reconsideration.

**IT IS HEREBY ORDERED,** that Defendant's Motion for Reargument is **DENIED**. This matter will proceed to argument on Defendant's remaining motions as scheduled on March 3, 2023.

_____
Danielle J. Brennan, Judge

Original to Prothonotary

Cc:  Jenna Milecki, Esquire, Deputy Attorney General
     Colleen Durkin, Esquire, Deputy Attorney General
     Olivia Phillips, Esquire, Office of Defense Service (Standby Counsel)
     Clarence Carlisle, *pro se* (SBI No. 00975301)